IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MARYLAND, NORTHERN DIVISION

ANTONIO SMITH,

    Petitioner,

v.

UNITED STATES OF AMERICA,

    Respondent.

CIVIL NO.: WDQ-10-1737
CRIMINAL NO.: WDQ-08-0086

MEMORANDUM OPINION

Antonio Smith pled guilty to possession of a firearm by a convicted felon and was sentenced to 180 months in prison. Pending is his motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. No hearing is necessary. *See* Rule 8 of the *Rules Governing § 2255 Proceedings*. For the following reasons, the motion will be granted in part and denied in part.

I. Background

On November 5, 1999, Smith pled guilty in the Circuit Court for Baltimore City to two counts of robbery with a deadly weapon and one count of first degree assault.[1]  ECF No. 1105, Ex. 11 at

---

[1] Smith had also been charged with wearing, carrying, and transporting a handgun, and using a handgun to commit a felony. ECF No. 1105, Ex. 8-10. The court determined that there was insufficient evidence to find Smith guilty of the handgun offenses, because Smith had not fired the gun during the crimes,

6-7, 16. The robberies were committed on June 4 and June 8, 1999, and the first degree assault was committed on June 11, 1999. *Id.* at 12-14. Although Smith was 16 at the time of the offenses, he withdrew his motion to have the cases transferred to juvenile court. *Id.* at 12. Smith was sentenced as an adult to 12 years imprisonment, with all but four years suspended, and three years probation. *Id.* at 17.

On February 4, 2009, Smith pled guilty to three counts of possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1). ECF No. 1105, Ex. 1 at 1, Ex. 2 at 3. Smith agreed that he was an armed career criminal[2] with a base offense level of 33 under the advisory sentencing guidelines. ECF No. 1105, Ex. 1 at 4. The base level was reduced to 30 for Smith's acceptance of responsibility; his advisory sentencing guidelines range was 135 to 168 months imprisonment. *Id.* at 5. Because Smith was an armed career criminal, however, he faced a mandatory sentence of 180 months imprisonment. *Id.*

During his plea colloquy, Smith swore that he understood the charges and the plea agreement, was guilty, and no one had

---

nor had police retrieved the gun and confirmed that it was operable. ECF No. 1105, Ex. 11 at 14-15.

[2] An offender is an armed career criminal and subject to an enhanced sentence under the U.S. Sentencing Guidelines if he (1) violates 18 U.S.C. § 922(g) and (2) has three prior violent felony convictions. *See* 18 U.S.C. 924(e)(1); U.S. Sentencing Guidelines Manual 4B1.4.

2

forced him to plead guilty. ECF No. 1105, Ex. 2 at 4, 9, 14. He also swore that he was satisfied with his attorney, who had done everything he had asked. *Id.* at 6-7.

On March 20, 2009, Smith sent the Court a *pro se* "Motion to Correct Ambiguity" in the presentence report ("PSR"), which the Court forwarded to Smith's attorney, Allen H. Orenberg. On March 30, 2009, Orenberg wrote Probation Officer Gina R. Swillow to object to the PSR's conclusion that Smith was an armed career criminal under the advisory sentencing guidelines.[3] Letter from Allen H. Orenberg to Gina R. Swillow (Mar. 30, 2009).

On April 2, 2009, the Court granted Smith's unopposed motion to delay sentencing so counsel could investigate Smith's status as an armed career offender. ECF No. 516.

At sentencing on July 24, 2009, Orenberg told the Court that Smith objected to the PSR's calculation of his criminal history, for the reasons stated in Orenberg's March 30, 2009 letter to Swillow. ECF No. 1105, Ex. 3 at 4. The Court overruled Smith's objections, adopted the PSR's findings, and sentenced him to 180 months imprisonment. ECF No. 1105, Ex. 3 at 6, 23-24.

---

[3] Smith argued that the three 1999 convictions should have been considered one consolidated conviction. Letter from Allen H. Orenberg to Gina R. Swillow (Mar. 30, 2009). He also argued that his assault had not involved a weapon and, thus, did not qualify as a violent crime. *Id.*

3

On June 25, 2010, Smith filed this *pro se* § 2255 motion alleging ineffective assistance of counsel, including trial counsel's refusal to file an appeal. ECF No. 1041. On October 8, 2010, the Government opposed the motion. ECF No. 1105 at 1. On October 28, 2010, Smith filed a reply. ECF No. 1111.

On May 31, 2011, the Court appointed counsel to assist Smith with his motion. ECF No. 1185. On August 8, 2011, counsel supplemented the motion with evidence that Smith's trial counsel had refused Smith's request to file an appeal.[4] On August 9, 2011, the Government conceded that Smith was entitled to file a belated appeal,[5] but opposed Smith's other claims. ECF No. 1220.

II. Analysis

Smith argues that his trial attorney provided ineffective assistance of counsel by (1) accepting Smith's criminal history category and status as an armed career criminal under the advisory sentencing guidelines, (2) failing to provide Smith discovery or conduct a meaningful investigation, and (3) failing

---

[4] ECF No. 1219, Ex. 1 (Letter to Smith from trial counsel saying he would "not file a Notice of Appeal for [Smith] challenging the sentence handed down by Judge Quarles").

[5] An attorney must file a timely notice of appeal if his client requests it, even if the attorney thinks the appeal has no "reasonable probability of success." *United States v. Poindexter*, 492 F.3d 263, 269 (4th Cir. 2007) (internal citations and quotation marks omitted).

to explain the plea agreement before pressuring Smith to sign.[6] Mem. in Supp. of Mot. to Vacate 5-17.

A. Ineffective Assistance of Counsel

The Sixth Amendment guarantees the effective assistance of counsel. *Strickland v. Washington*, 466 U.S. 668, 685 (1984). Under *Strickland*, Smith must prove that counsel's performance: (1) was deficient and (2) prejudiced his defense. *Id.* at 687; *United States v. Luck*, 611 F.3d 183, 186 (4th Cir. 2010).

Deficient performance requires Smith to show that his attorney made errors so serious that the "representation fell below an objective standard of reasonableness." *Strickland*, 466 U.S. at 686, 689. A court must be "highly deferential" in its review of an attorney's conduct, observing a "strong presumption" that counsel's conduct fell "within the wide range of reasonable professional assistance." *Id.* at 689. To demonstrate prejudice, Smith must show a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. His statements under oath are binding on him absent "clear and convincing evidence to the contrary." *Fields v. Attorney Gen. of Md.*, 956 F.2d 1290, 1299 (4th Cir. 1992).

---

[6] Because the Government has conceded Smith's claim that trial counsel provided ineffective assistance by not filing an appeal, ECF No. 1220, the Court will grant Smith's motion on that issue.

5

1. Challenging the PSR

Smith argues that his trial counsel was ineffective for not challenging the basis of his armed career criminal status. Mem. in Supp. of Mot. to Vacate 5-7. According to Smith, he was not an armed career criminal because the 1999 robberies and assault constituted a single "crime spree," and the state court found that he had not used a weapon.[7] *Id.* He contends that this error led to a "severely overstated" criminal history under the sentencing guidelines. *Id.* at 10.

Smith's claim must fail. His attorney objected to his armed career criminal status with the probation officer, and renewed the objection at sentencing.[8] Thus, Smith cannot establish that his attorney's performance was deficient. *See Strickland*, 466 U.S. at 689.

Had Smith's attorney failed to object, Smith's claim would fail for lack of prejudice. *See Strickland*, 466 U.S. at 694. Although the Circuit Court of Baltimore City called only one case number at his plea hearing, Smith clearly pled guilty to three separate offenses during his plea colloquy. ECF No. 1105,

---

[7] The state court found insufficient evidence of handgun violations. *See supra* note 1. Smith argues that only crimes involving the use of a firearm, knife, or destructive device qualify as violent felonies establishing one's status as an armed career criminal. Mem. in Supp. of Mot. to Vacate 8-10.

[8] Letter from Allen H. Orenberg to Gina R. Swillow (Mar. 30, 2009); ECF No. 1105, Ex. 3 at 4.

Ex. 11 at 3-5, 12-14, 16-17. The offenses occurred on three separate dates. *Id.* at 12-14. Moreover, Smith is incorrect that his offenses did not qualify as violent felonies under the armed career criminal rules. A violent felony is any crime punishable by more than one year in prison that "has as an element the use, attempted use, or threatened use of physical force against the person of another." 18 U.S.C. § 924(e)(2)(B). Although Smith was 16 when he committed the offenses, he was charged and convicted as an adult. ECF No. 1105, Ex. 11 at 12. Thus, his convictions were not acts of juvenile delinquency requiring the use or carrying of a weapon to be a predicate armed career criminal offense. Smith's attorney did not provide ineffective assistance of counsel.[9]

2. Discovery, Investigation, and Explaining the Plea Agreement

Smith also argues that trial counsel was ineffective for failing to investigate, provide discovery, or explain the plea agreement before pressuring him to sign it. Mem. in Supp. of

---

[9] Smith's related argument – that his attorney failed to challenge Smith's "severely overstated" criminal history – also must fail. Based on his criminal history, Smith's advisory sentencing guidelines range was 135 to 168 months. ECF No. 1105, Ex. 1 at 5. But once the Court found that Smith was an armed career criminal, he faced a mandatory sentence of 180 months imprisonment. 18 U.S.C. § 922(g). Moreover, the advisory sentencing guidelines prohibit an armed career criminal from receiving a downward departure for over-representation of the seriousness of his criminal history. U.S. Sentencing Guidelines, § 4A1.3(b)(2)(B). Thus, Smith's attorney was not ineffective by not arguing over-representation. *See Strickland*, 466 U.S. at 689.

Mot. to Vacate 12-17. But his statements under oath undermine his claims. Smith swore during his plea colloquy that he was satisfied with his attorney, who had done everything he had asked, and no one had threatened Smith to sign the plea agreement. ECF No. 1105, Ex. 2 at 6-7, 9. He had discussed the charge with his attorney, who had answered all of his questions, and he swore that he had read the agreement, discussed it with his attorney, understood it, and agreed to it. He has presented no evidence to the contrary. *See Fields*, 956 F.2d at 1299. Accordingly, the Court will deny his motion on these grounds.

B. Certificate of Appealability

A certificate of appealability ("COA") must issue before a petitioner may appeal the Court's decision in a 28 U.S.C. § 2255 case. *See* 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22(b). A COA may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (*quoting Slack v. McDaniel*, 529 U.S. 473, 484 (2000), or that "the issues presented were adequate to deserve encouragement to proceed further," *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003) (internal quotations omitted). Denial of a COA does not prevent a petitioner from

seeking permission to file a successive petition or pursuing his claims upon receipt of such permission.

Because -- other than Smith's claim that he is entitled to a belated appeal -- Smith has not made a substantial showing of the denial of his constitutional rights, this Court will not issue a COA.

III. Conclusion

For the reasons stated above, Smith's § 2255 motion will be granted in part and denied in part.

1/10/12
Date

William D. Quarles, Jr.
United States District Judge